

FILED

AUG – 6 2009

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

JEFFREY McCLELLAN,

    Plaintiff,

v.                             Civil Action No. **3:08CV260**

BRENDA LEWIS,

    Defendant.

### MEMORANDUM OPINION

Jeffrey McClellan, a Virginia prisoner proceeding <u>pro se</u>, filed this civil action pursuant to 42 U.S.C. § 1983. McClellan seeks relief against Defendant Brenda Lewis, Medical Administrator for the Haynesville Correctional Center ("HCC"). Lewis has filed a motion for summary judgment on the grounds that, <u>inter alia</u>, McClellan has failed to exhaust his administrative remedies. McClellan has not responded. This action is ripe for decision.

### I. SUMMARY JUDGMENT STANDARD OF REVIEW

Summary judgment is to be rendered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. <u>See</u> <u>Celotex Corp. v. Catrett</u>,

477 U.S. 317, 323 (1986).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." Id. at 324 (internal quotation marks omitted).  When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  Id. (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).  In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." United States v. Carolina Transformer Co., 978 F.2d 832, 835 (4th Cir. 1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).  Nevertheless, "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"  Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915 & n.7 (5th Cir. 1992)).

Of course, the facts offered by affidavit must be in the form of admissible evidence. See Fed. R. Civ. 56(e).  In this regard, the statement in the affidavit or sworn statement "must be made on personal knowledge and show that affiant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(e)(1).  Furthermore,

2

summary judgment affidavits must "set out specific facts." Fed. R. Civ. P. 56(e)(2). Therefore, "summary judgment affidavits cannot be conclusory . . . or based upon hearsay." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962 (4th Cir. 1996) (citing Rohrbough v. Wyeth Labs., Inc., 916 F.2d 970, 975 (4th Cir. 1990); Md. Highways Contractors Ass'n v. Maryland, 933 F.2d 1246, 1252 (4th Cir. 1991)).

Lewis has supported her motion for summary judgment with affidavits, copies of some HCC records, and a copy of the Virginia Department of Corrections ("VDOC") grievance policy. McClellan has only submitted his unsworn complaint, which is not competent summary judgment evidence. See United States v. White, 366 F.3d 291, 300 (4th Cir. 2004) (emphasizing that unsworn argument does not constitute evidence). In light of the foregoing principles and submissions, the following facts are established for purposes of the motion for summary judgment.

## II.  UNDISPUTED FACTS

### A.  McClellan's Injury and Claim for Relief

On March 5, 2008, McClellan fell and aggravated a pre-existing shoulder injury. HCC staff examined him immediately. Later that evening, McClellan was transferred to Riverside Tappahannock Hospital ("the Hospital"), where Dr. James Dudley took two x-rays of his right shoulder. The x-rays revealed that McClellan's arm was not dislocated. Dr. Dudley ordered McClellan to remain in the

3

medical unit with his arm elevated until the numbness subsided. McClellan returned to HCC on March 5, 2008.

On March 14, 2008, McClellan returned to the Hospital for treatment of the persistent numbness and weakness in his shoulder. A CT scan confirmed that McClellan's shoulder was not dislocated. McClellan then visited the orthopedic clinic at Virginia Commonwealth University ("VCU"), where the orthopedist did not prescribe any course of treatment. At a follow-up visit on March 19, 2008, the VCU orthopedist prescribed a course of physical therapy. HCC staff requested approval for McClellan's physical therapy on or before March 21, 2008. On April 17, 2008, McClellan was informed that an appointment had been scheduled. On April 30, 2008, two days after McClellan filed this lawsuit, McClellan received physical therapy.

McClellan brings the following claim:

> Claim 1    Defendant Lewis violated McClellan's Eighth Amendment right by failing to provide physical therapy sooner after the orthopedist prescribed it.

McClellan seeks $100,000 in damages, as well as injunctive relief. Lewis has filed a motion for summary judgment claiming that, inter alia, McClellan's claim is unexhausted.

## B.    The Pertinent Grievance Procedures

The VDOC maintains a grievance procedure for resolving inmate complaints. The pertinent VDOC regulations require that, before submitting a formal grievance, the inmate must make a good faith

effort to resolve the grievance informally through the procedures available at the institution to secure institutional services or resolve complaints.   VDOC Operating Procedure § 866.1(V)(A)(1). Generally, this requires an inmate to file an informal complaint form.  Id.  If the informal complaint does not resolve the problem, the inmate must initiate a formal grievance by submitting a standard form.  Id. at § 866.1(VI)(A)(2).  "The original Regular Grievance (no photocopies or carbon copies) should be submitted by the offender through the facility mail system to the Warden/ Superintendent's Office for processing by the Institutional Ombudsman/Grievance Coordinator."  Id. at § 866.1(VI)(A)(2)(b). Furthermore, the inmate must attach to the formal grievance form documentation of his attempt to informally resolve the issue.  Id. at § 866.1(VI)(A)(2)(a).  A regular grievance must be filed within thirty (30) days from the date of the incident or occurrence, or the discovery of the incident or occurrence, except in instances beyond the inmate's control.  Id. at § 866.1(VI)(A)(1).

There are up to three levels of review for a regular grievance.  Id. at § 866.1(VI)(C).  The warden or superintendent of the facility in which the inmate is confined is responsible for Level I review.   Id. at § 866.1(VI)(C)(1).  If the inmate is dissatisfied with the determination at Level I, he may appeal the decision to Level II, a review which is conducted by the VDOC Regional Director, the VDOC Health Services Director, or the VDOC

5

Chief of Operations for Offender Management Services.   <u>Id.</u> at § 866.1(VI)(C)(2).   The Level II response should indicate whether the inmate may pursue an appeal to Level III.   <u>Id.</u> at § 866.1(VI)(C)(2)(f).

## C.   McClellan's Attempts at Exhaustion

McClellan has filed two regular grievances related to his shoulder.  On March 24, 2008, McClellan filed a grievance because he was charged a $15.00 co-payment for his March 5, 2008 treatment. On April 7, 2008, McClellan filed a grievance claiming that the nurse failed to administer medication for his shoulder pain on March 25, 2008.  McClellan did not file any grievance relating to physical therapy before filing this lawsuit.

## III.   ANALYSIS

Federal law provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   42 U.S.C. § 1997e(a).   Generally, in order to satisfy the exhaustion requirement the inmate must file a grievance raising the claim and pursue the grievance through all available levels of appeal.  <u>See</u> <u>Woodford v. Ngo</u>, 548 U.S. 81, 90 (2006).   Additionally, the Supreme Court has instructed that section 1997e(a) "requires proper exhaustion."   <u>Id.</u> at 93.   The Court explained that "[p]roper exhaustion demands compliance with

an agency's deadlines and other critical procedural rules," <u>id.</u> at 90, "'so that the agency addresses the issues on the merits.'" <u>Id.</u> (internal parentheses omitted) (<u>quoting</u> <u>Pozo v. McCaughtry</u>, 286 F.3d 1022, 1024 (7th Cir. 2002)). Thus, the applicable prison rules "define the boundaries of proper exhaustion." <u>Jones v. Bock</u>, 549 U.S. 199, 218 (2007).

McClellan failed to file an informal or formal grievance relating to the delay in obtaining physical therapy. He has thereby failed to give HCC a "fair and full opportunity to adjudicate [his] claims," as he must before filing suit. <u>Woodford</u>, 548 U.S. at 90. McClellan's claim is thus unexhausted. Lewis's motion for summary judgment will be GRANTED. Claim 1 will be DISMISSED WITHOUT PREJUDICE. The action will be DISMISSED. Lewis's motions to dismiss will be DENIED AS MOOT.

Let the Clerk send a copy of this Memorandum Opinion to McClellan and counsel of record.

_____/s/_____ R E P

Robert E. Payne
Senior United States District Judge

Date: _August 5, 2009_
Richmond, Virginia